IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VERTO CAPITAL MANAGEMENT LLC and<br>WILLIAM R. SCHANTZ III<br><br>Defendants | 17 Civ. 3115 (RBK)<br><br>ECF CASE |

**AMENDED FINAL JUDGMENT AS TO DEFENDANTS WILLIAM R. SCHANTZ
AND VERTO CAPITAL MANAGEMENT LLC**

WHEREAS, on May 4, 2017, the Securities and Exchange Commission ("Commission") filed a Complaint; and defendants William R. Schantz and Verto Capital Management LLC ("Defendants") having entered a general appearance, consented to the Court's jurisdiction over Defendants and the subject matter of this action, consented to entry of a Final Judgment on May 8, 2017 ("May 8, 2017 Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction), executed the Amended Consent attached hereto and incorporated herein, waived findings of fact and conclusions of law, and waived any right to appeal from this Amended Final Judgment;

WHEREAS, on or about May 30, 2017, the Commission learned of three promissory notes that were not included in the May 8, 2017 Final Judgment, and four promissory notes that were included in the May 8, 2017 Final Judgment but for which additional interest payments were omitted, (collectively, "Additional Note Payments");

WHEREAS, the intent of the Commission and Defendants is to settle all claims arising from the Complaint, including the Additional Note Payments;

THEREFORE, the Court enters this Amended Final Judgment as follows:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Schantz is permanently restrained and enjoined from selling any promissory notes, either directly or through any entity of which he has any ownership interest or control, or through any family member or associate.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $4,032,488, prejudgment interest of $146,625.11, and a civil penalty in the amount of $600,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], for a total of $4,779,113.11. Defendants shall satisfy this obligation by paying, $4,654,260 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph V below, after entry of this Amended Final Judgment. All amounts due shall be deemed satisfied upon successful completion of payment plan set forth at paragraph V below.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; William R. Schantz and Verto Capital Management LLC as defendants in this action; and specifying that payment is made pursuant to this Amended Final Judgment.

Defendants shall certify, in writing, compliance with the payment obligations set forth above no later than seven (7) days from the date of the payment. Defendants shall simultaneously transmit photocopies of evidence of payment (e.g., copies of check and/or wire transfer information). Defendants shall submit the certification and supporting material to Steven G. Rawlings *via* email. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) if any payments due pursuant to the schedule set forth below are not made in full and on time. Defendants shall pay pre-judgment and post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon, to be distributed to harmed investors. A Fair Fund comprised of the funds held by the Commission is created pursuant to provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010. The Fair Fund will be distributed in the manner provided below.

Assuming the payments due pursuant to the schedule in paragraph V below are timely made, the Commission will distribute the Fair Fund. After receiving a payment pursuant to the schedule in Paragraph V below, the Commission shall distribute the payment pro-rata to investors who have not been repaid the amounts of principal and interest owed at the maturity of

their note (hereinafter, the "Investors"). Attached hereto as Exhibit B is a list of the Investors (with names redacted), including the amounts of principal and interest owed to each Investor. Attached hereto as Exhibit C is a schedule of the amounts the Investors shall receive in the event that Defendants timely make full payments pursuant to the schedule set forth herein. The Commission may seek to modify the schedule of payments to investors, with the approval of the Court, in the event that Defendants are able to pay the amounts owed earlier than the schedule in Paragraph V contemplates or in the event that the Commission becomes aware that any information concerning the Investors or amounts owed to Investors requires modification. Commission staff shall engage a tax administrator for the above payments to the investors as the Fair Fund constitutes a qualified settlement fund under section 468B(g) of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through B-5. Taxes, if any, and related administrative expense shall be paid from the Fund.

The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund, or any portion thereof, will not be distributed, the Commission shall send any such funds paid pursuant to this Amended Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil

penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

Defendants shall, jointly and severally, pay disgorgement of $4,032,488, prejudgment interest of $21,772, and a civil penalty in the amount of $600,000, for a total of $4,654,260. Payment shall be made in the following installments:

1) Within 14 days of the entry of the May 8, 2017 Final Judgment, disgorgement of $250,000 (which has been paid);

2) Within 90 days of the entry of the May 8, 2017 Final Judgment, disgorgement of $600,000 (which has been paid);

3) Within 180 days of the entry of the May 8, 2017 Final Judgment, disgorgement of $600,000 (which has been paid);

4) Within 270 days of the entry of the May 8, 2017 Final Judgment (on or before February 2, 2018), disgorgement of $600,000;

5) Within 360 days of the entry of the May 8, 2017 Final Judgment (on or before May 3, 2018), disgorgement of $1,383,666, and penalty of $600,000 (combined, $1,983,666), plus post-judgment interest if necessary.

6) On or before August 8, 2018, disgorgement of $45,333;

7) On or before September 10, 2018, disgorgement of $45,333;

8) On or before October 9, 2018, disgorgement of $45,333;

9) On or before November 8, 2018, disgorgement of $45,333;

10) On or before December 10, 2018, disgorgement of $45,333;

11) On or before January 2, 2019, disgorgement of $372,157, and prejudgment interest of $21,772 (combined, $393,929), plus post-judgment interest if necessary.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. 1961 on any unpaid amounts due after 14 days of the entry of Amended Final Judgment. If William R. Schantz and/or Verto Capital Management fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Amended Final Judgment, including pre-judgment and post-judgment interest (minus any payments previously made) may become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VI.

To secure payment of the disgorgement and penalties against Defendants, ordered by the Amended Final Judgment, Defendant Schantz and the co-owner will provide plaintiff Securities and Exchange Commission ("Commission") with Mortgages with respect to the properties they own located at 1040 Riverton Road, Moorestown, NJ 08057 and 16 Crider Avenue, Moorestown, NJ 08057 (the "Properties"). Defendant Schantz and the co-owner consent to the Commission's filing, at the expense of Defendant Schantz, the Mortgages, and taking any other

steps necessary to perfect the Commission's security interest in the Property, upon the Court's entry of the Final Judgment. In the event Defendants fail to make any payment on schedule in paragraph V of this Final Judgment, the Commission may enforce the Mortgages against the Properties.

To further secure the payment of the disgorgement, prejudgment interest, civil penalty, and pre-judgment and post-judgment interest (if applicable), as ordered by the Amended Final Judgment, Defendants have also provided the Commission with an unconditional guaranty (the "Unconditional Guaranty") of payment from Mid Atlantic Financial LLC, Senior Settlements LLC, and Green Leaf Capital Management LLC (collectively the "Guarantors"). In the event Defendants fail to make any payment within the times set by paragraph V of this Amended Final Judgment, the Commission may enforce the Unconditional Guaranty against the Guarantors. The Unconditional Guaranty provides that the Commission may enforce the Unconditional Guaranty against the Guarantors without the requirement that the Commission first proceed against the Defendants, and whether or not the Defendants, or any of them, are discharged from their obligations under the Amended Final Judgment, in whole or in part. The Unconditional Guaranty further provides that any waiver, modification or extension of time for payment given by the Commission to the Defendants shall not discharge or otherwise affect the obligations of the Guarantors.

To further secure payment of the disgorgement and penalties against Defendants, ordered by the Amended Final Judgment, Defendants have also provided the Commission with a collateral assignment (the "Collateral Assignment") of all of Defendants' rights in the life insurance policy listed in Attachment A (the "Life Insurance Policy"). Defendants consent to the Commission's filing of the Collateral Assignment, and taking any other steps necessary to

perfect the Commission's security interest in the Life Insurance Policy, upon the Court's entry of the Amended Final Judgment. In the event Defendants fail to make any payment on schedule as required by the Amended Final Judgment, the Commission may file with the carrier, take ownership over and possession of the Life Insurance Policy and sell it and use the proceeds for the Fair Fund, which proceeds will be credited against the total amount owed by the Defendants pursuant to the Amended Final Judgment.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Amended Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein. Defendants further agree that, in the event of any proposed sale of any of the Life Insurance Policy, Defendants will provide notice to the staff of the Securities and Exchange Commission (the "Staff"), at least seven (7) calendar days prior to executing any agreement to transfer any of the Life Insurance Policy, including by providing the Staff the "Proposed Sale Documentation Package." The Proposed Sale Documentation Package refers, at a minimum, to documents sufficient to demonstrate all terms of the proposed sale, the proposed purchaser, the proposed sale price, the terms for payment of that sale price, and any contingencies or conditions precedent to the proposed sale. The Staff reserves the right to request additional information related to any proposed sale of any of the Life Insurance Policy.

Defendants agree that, in the event the Staff objects to any proposed sale of the Life Insurance Policy, the Staff and counsel for Defendants will meet and confer to discuss any issues that the Staff identifies with respect to the proposed sale. Defendants agree that if, after the meet

and confer process, the Staff maintains an objection to the proposed sale, and Defendants nonetheless wish to proceed with the sale, Defendants must seek formal approval from the Court that enters this Consent Judgment before proceeding with any such sale. Defendants agree that any proceeds from the sale or from maturity of the Life Insurance Policy shall be sent to the Commission within seven (7) calendar days of receipt of the proceeds by Defendants or any other entity controlled by Defendant Schantz. Such proceeds will be credited against the total amount owed by Defendants under this Amended Final Judgment, and will be deducted from the next payment due pursuant to the schedule of payments in paragraph V of this Amended Final Judgment provided all prior payments have been made.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Amended Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon entry, the Amended Final Judgment supersedes the May 8, 2017 Final Judgment, which is hereby rendered moot.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Amended Final Judgment.

Dated: February 26, 2018

_____
Honorable Robert B. Kugler
UNITED STATES DISTRICT JUDGE